JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
        E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
        E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
        E-mail: mchaney@johnsonpham.com
Jason R. Vener, SBN: 267941
        E-mail: jvener@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:   (818) 888-7540
Facsimile:   (818) 888-7544

Attorneys for Plaintiff
FOREVER 21, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| FOREVER 21, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>PRO OFF PRICE, INC., a California Corporation; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.:  2:14-cv-07020<br><br>**COMPLAINT FOR DAMAGES:**<br><br>(1) **FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114 / Lanham Act § 32(a)];**<br>(2) **FALSE DESIGNATION OF ORIGIN / FALSE ADVERTISING / UNFAIR COMPETITION [15 U.S.C. §1125(a) / Lanham Act § 43(a)];**<br>(3) **FEDERAL TRADEMARK DILUTION [15 U.S.C. §1125(c)];**<br>(4) **UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* § 17200];**<br>(5) **UNFAIR COMPETITION (California Common Law); and**<br>(6) **INDUCEMENT TO BREACH OF CONTRACT (California Common Law)**<br><br>**[DEMAND FOR JURY TRIAL]** |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Forever 21, Inc. ("Forever 21" or "Plaintiff"), to hereby file its Complaint for Damages against Defendant Pro Off Price, Inc., and Does 1-10, inclusive (collectively "Defendants").

## PARTIES

1.      Forever 21 is now, and was at the time of the filing of this Complaint and at all intervening times, a Delaware corporation duly authorized and licensed to conduct business in California with its principal place of business located at 3880 North Mission Road, Los Angeles, California 90031.

2.      Forever 21 is informed and believes that Defendant Pro Off Price, Inc. is now, and was at the time of the filing of this Complaint and at all intervening times, an active California corporation with its principal place of business located at 1527 S. Main Street, Los Angeles, California 90015.

3.      Forever 21 is informed and believes that Defendant Pro Off Price, Inc.'s registered agent for service of process within the State of California is Yaniv Shikuri with an address of 1527 S. Main Street, Los Angeles, California 90015.

4.      Forever 21 is informed and believes that Defendant Pro Off Price, Inc., and Does 1-10, inclusive, sued herein by fictitious names are jointly, severally and concurrently liable and responsible with the named Defendants upon the causes of action hereinafter set forth.

5.      Forever 21 is informed and believes and thereon alleges that at all times mentioned herein Defendant Pro Off Price, Inc., and Does 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

6.      The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as Does 1-10, inclusive, are unknown to Plaintiff.  Plaintiff therefore sues said Defendants by such fictitious

1   names. When the true names and capacities of said Defendants have been
2   ascertained, Forever 21 will amend this pleading accordingly.

3   ## JURISDICTIONAL ALLEGATIONS

4   7.   This Court has Federal subject matter jurisdiction over this matter
5   pursuant to 28 U.S.C. §§1331 and 1338(a) and (b), in that the case arises out of
6   claims for trademark infringement, false designation of origin, unfair competition
7   and dilution under the Lanham Act (15 *U.S.C.* §1051 *et seq.*); and this Court has
8   supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a) and 1338 (a)(b).

9   8.   Venue is proper, *inter alia*, pursuant to 28 U.S.C. §1391(b) because
10   on information and belief, a substantial part of the events or omissions giving rise
11   to the claims occurred in this judicial district, and has caused damages to Plaintiff
12   in this district.

13   9.   Personal jurisdiction exists over Defendants because on information
14   and belief, Defendants conduct business in California and in this judicial district,
15   have purposefully directed action to California and this district, or have otherwise
16   availed themselves of the privileges and protections of the laws of the State of
17   California, such that this Court's assertion of jurisdiction over Defendants does not
18   offend traditional notions of fair play and due process.   Among other things,
19   Defendants have willfully advertised, offered to sell, sold, and distributed products
20   that infringe the trademarks of Plaintiff to consumers within this judicial district,
21   knowing or having reason to know that consumers throughout this judicial district
22   would purchase said goods from Defendants, believing that they were authentic
23   goods, authorized, manufactured and distributed by Plaintiff.

24   ## GENERAL ALLEGATIONS

25   ### Forever 21 and its Well-Known Clothing Products

26   10.   Forever 21 is a widely recognized retailer of apparel, clothing and
27   accessories and fashion accessories. Forever 21 designs and sells innovative,
28   fashionable clothing, clothing and accessories and accessories exclusively through

- 3 -
**COMPLAINT FOR DAMAGES**

its online website www.Forever21.com and its own Forever 21 retail outlets throughout the United States and multiple international locations.  Forever 21 sells clothing and accessories bearing one or more of its family of registered and common law Forever 21 trademarks.

11.    Since at least as early as 1989, Forever 21 has been engaged in the development and retail sales of a wide variety of clothing, clothing and accessories and accessories identified by its registered and common law trademarks.

12.    Forever 21's merchandise is made solely for Forever 21 and is sold by Forever 21 exclusively through its own website as well as through mall-based and stand-alone retail outlets throughout the United States, Austria, Bahrain, Belgium, Canada, China, Colombia, France, India, Indonesia, Ireland, Israel, Japan, Jordan, South Korea, Kuwait, Malaysia, Mexico, Oman, Philippines, Puerto Rico, Saudi Arabia, Singapore, the United Arab Emirates, the United Kingdom, and Thailand.

13.    Forever 21 has become well-known to consumers through its hard work, innovation and substantial investment in branding. As a result of its endeavors, Forever 21 has created and owns valuable intellectual property in the form of trademarks.

14.    Forever 21 owns all rights in and to a family of Forever 21 federal trademark registrations, including, but not limited to the following federal trademark registrations (collectively hereinafter referred to as "FOREVER 21 Registered Marks"):  **FOREVER 21**, trademark number 2,067,637, registered on June 3, 1997, by Fashion 21, Inc., and assigned to Forever 21 on October 8, 2004; **FOREVER 21**, trademark number 2,583,457, registered on June 18, 2002, by Fashion 21, Inc., and assigned to Forever 21 on October 8, 2004; **FOREVER 21**, trademark number 2,836,546, registered on April 27, 2004, by Forever 21; **FOREVER 21**, trademark number 2,913,132, registered on December 21, 2004,

**COMPLAINT FOR DAMAGES**

by Forever 21; **FOREVER 21**, trademark number 4,022,660, registered September 6, 2011, by Forever 21; **XXI**, trademark number 2,873,174, registered on August 17, 2004, by Forever 21; **XXI**, trademark number 2,842,184, registered on May 18, 2004, by Forever 21; **XXI**, trademark number 4,398,135, registered September 10, 2013, by Forever 21; **XXI**, trademark number 4,504,630, registered April 1, 2014, by Forever 21; **FASHION 21**, trademark number 2,848,238, registered on June 1, 2004, by Forever 21; **HERITAGE 1981**, trademark number 3,447,097, registered June 10, 2008, by Forever 21; **FORLOVE21**, trademark numbers 3,140,565, registered September 5, 2006, by Forever 21; **LOVE & BEAUTY**, trademark numbers 3,794,963, registered May 25, 2010, by Forever 21; **LOVE 21**, trademark number 3,775,903, registered April 13, 2010, by Forever 21; **TWELVE BY TWELVE**, trademark number 3,518,050, registered October 14, 2008, by Forever 21; **FOREVER STATIONERY**, trademark number 3,689,946, registered September 29, 2009, by Forever 21; **F21**, trademark number 3,900,668, registered January 4, 2011, by Forever 21; **HTG 81**, trademark number 3,836,163, registered August 17, 2010, by Forever 21; **FAITH 21**, trademark number 3,865,236, registered October 19, 2010, by Forever 21; **I LOVE H81**, trademark number 3,882,470, registered November 30, 2010, by Forever 21; **2.1 DENIM**, trademark number 3,848,716, registered September 14, 2010, by Forever 21**; LIFE IN PROGRESS**, trademark number 3,887,094, registered December 7, 2010, by Forever 21; **21 MEN**, trademark number 4,121,658, registered April 3, 2012, by Forever 21; **21 MEN**, trademark number 3,955,527, registered May 3, 2011, by Forever 21; **CEREAL** trademark number 3,867,848, registered June 3, 2008, by Forever 21; **[HEART DESIGN]** trademark number 4,215,175, registered September 25, 2012, by Forever 21; **F21 FAST FIX** trademark number 4,533,755, registered May 20, 2014, by Forever 21; **NOT SO BASIC**, trademark number 4,533,713, registered May 20, 2014, by Forever 21; **FOREVER21 CONTEMPORARY**, trademark number 4,561,315, registered July 1, 2014, by

**COMPLAINT FOR DAMAGES**

Forever 21; and **FOREVER 21 GIRLS**, trademark number 4,524,685, registered May 6, 2014, by Forever 21.

15.     Forever 21 also owns all rights in and to several Forever 21 common law trademarks, including, but not limited to the following common law marks (collectively referred hereinafter as the "FOREVER 21 Common Law Marks"): TWENTY ONE and Bird Design (No. 1); TWENTY ONE and Bird Design (No. 2); XXI and Bird Design (No. 1); XXI and Bird Design (No. 2); TWENTY-ONE (cursive); 21 and Flower Design (No. 1); 21 and Flower Design (No. 2); *xxi*; forever twenty one; I ♥ H81; SOPHIE & ME; TWENTYONE MEN; FOREVER TWENTY ONE; TWENTYONE and 21.

16.     Since adopting its FOREVER 21 Registered Marks <u>and</u> FOREVER 21 Common Law Marks (collectively referred hereinafter as "FOREVER 21 Marks"), Forever 21 has continuously promoted and used the FOREVER 21 Marks throughout the United States in interstate commerce. Forever 21 has used the FOREVER 21 Marks in standard text form and/or in stylized form.

17.     Forever 21 has promoted its trademark brands through advertising and promotion each year. Forever 21 also buys keyword advertising for its trademark brands on popular Internet search engines and purchases display ads that promote Forever 21 on various websites.

18.     For approximately the past 20 years, sales of Forever 21 clothing using the FOREVER 21 Marks have been extensive and continuous.

19.     Through Forever 21's long and continuous use of the FOREVER 21 Marks in connection with its clothing, and its substantial sales and advertising, consumers have come to recognize Forever 21 as the source of the clothing which bears these marks.  The FOREVER 21 Marks have come to signify the valuable reputation and goodwill belonging exclusively to Forever 21.  For instance, Forever 21 receives about 8 million unique visits to its website, www.Forever21.com, *each month*, and boasts nearly 4 million Facebook fans and

**COMPLAINT FOR DAMAGES**

1   over 120,000 followers on its Twitter feed.  Internet Retailer ranked Forever 21 in

2   the top 500 of business-to-consumer retailers in the U.S. and Canada, based on

3   online sales, including retail chains, catalogues, web-only merchants, brand

4   manufacturers and digital content sellers.

5       20.    Forever 21 has also received significant exposure on television and

6   through the press.  Forever 21 has been featured on television hundreds of times,

7   including on the programs *The Today Show, The Tyra Show, I Get That A Lot, The*

8   *Insider, The Early Show,* and *The Wendy Williams Show.*  In 2009, Forever 21

9   received the best retailer award from PETA. Through these activities, the

10  FOREVER 21 Marks have come to signify the valuable reputation and goodwill

11  belonging exclusively to Forever 21 and to identify Forever 21's quality products

12  to consumers and the FOREVER 21 Registered Marks, among others, have

13  become famous.

14      21.    Forever 21 has become such a well-known trade name and trade

15  mark that other businesses in the industry may want to use the term "forever" or

16  "twenty-one" in their names.  The reputation that Forever 21 has built and

17  attached to its FOREVER 21 Marks are also significant, in that even if not clearly

18  identical, could potentially be confusingly similar and amount to infringement.

19      22.    To preserve its business reputation, consumer goodwill, and to

20  protect the value of its trademarks, Forever 21 maintains strict quality standards

21  for its products.  Forever 21 purchases the clothing and clothing accessories it

22  offers through its stores from various approved vendors who agree to abide by

23  Forever 21's stringent quality control requirements.

### Defendants' Wrongful and Infringing Conduct

25      23.    Particularly in light of the success of Forever 21 and Forever 21's

26  clothing, as well as the reputation Forever 21 has gained, Forever 21 and its

27  products have become targets for unscrupulous individuals and entities who wish

28  to take a free ride on the goodwill, reputation, and fame Plaintiff has spent

**COMPLAINT FOR DAMAGES**

considerable effort, time, and expense to build up in its products and trademarks.

24.    Forever 21 is informed and believes that Defendant Pro Off Price, Inc. owns and operates a wholesale retail clothing store located at 1527 S. Main Street, Los Angeles, California 90015.

25.    Forever 21 is informed and believes that Defendants, within interstate commerce, deal in unauthorized and/or counterfeit Forever 21®-branded products bearing the FOREVER 21 Marks. Defendants' actions vary and include importing, advertising, promoting, offering for sale, selling and distributing unauthorized products displaying the FOREVER 21 Marks.  Forever 21 has become such a well-known trade name and trademark that Defendants are using the FOREVER 21 Marks in an effort to unlawfully usurp Forever 21's goodwill.

26.    Forever 21 is informed and believes that Defendants attempt to mask or otherwise disguise their efforts to unlawfully piggyback upon Forever 21's goodwill by offering for sale and selling products with partially blacked out, cut, or otherwise ablated FOREVER 21 Marks. However, this manipulation is done in such a manner that it remains apparent to the average reasonable consumer that the marks so manipulated were once FOREVER 21 Marks.  Also, where any reference to FOREVER 21 Marks has been entirely removed from these products, the products are unlawfully and unfairly marketed, advertised or regularly referred to by Defendants as Forever 21 goods in an effort to inappropriately and unfairly maintain and/or create an association between these unauthorized goods and Forever 21 or Forever 21 and Defendants.

27.    Forever 21 is informed and believes that Defendants remove the FOREVER 21 Marks from products, or directs others to remove the FOREVER 21 Marks, and thereafter affix Defendants' own marks thereto, and/or leaves the products without markings, Defendants are attempting to palm the products off as their own goods and to wrongly lead consumer's to the conclusion that the products so manipulated originate with Defendants, when they do not.

**COMPLAINT FOR DAMAGES**

28.     By these and other commercial activities, Defendants have violated Plaintiff's exclusive rights in one or more FOREVER 21 Marks by using the same to confuse consumers into thinking that the products purchased at Defendants' stores are genuine Forever 21 products when they are in fact unauthorized products that do not originate from Forever 21.

29.     Defendants' conduct and use began long after Plaintiff's adoption and use of its FOREVER 21 Marks, after Plaintiff obtained the trademark registrations alleged above, and after Plaintiff's marks became famous. Indeed, on information and belief, Defendants have knowledge of Plaintiff's ownership of the marks, and of the fame in such marks, prior to the actions alleged herein, and have used these marks in bad faith and with the intent to cause confusion and to dilute the same.

30.     Defendants do not have any contractual relationship with Forever 21, and are not authorized to sell Forever 21 clothing and/or accessories at any warehouse retail store or otherwise.

31.     Defendants committed these acts with a purpose to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendants, and/or Defendants' unauthorized goods. By its wrongful conduct, Defendants have traded upon and diminished Plaintiff's goodwill. Defendants have further interfered with Plaintiff's business relationships between Forever 21 and its manufacturers.

32.     In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following, all of which has and will continue to cause irreparable harm to Plaintiff:  (i) infringed and diluted Plaintiff's rights in the FOREVER 21 Marks; (ii) misled the public into believing there is an association or connection between Defendants and Plaintiff and/or the products advertised and sold by Defendants and Plaintiff; (iii) used false designations of origin on or in connection with its goods and services; (iv) committed unfair

**COMPLAINT FOR DAMAGES**

competition; (v) caused Forever 21's vendors to breach their agreements with Forever 21; and (vi) unfairly profited from such activities.  Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiffs.

## FIRST CAUSE OF ACTION

**(Infringement of Registered Trademarks against Defendant PRO OFF PRICE, INC., and DOES 1-10, Inclusive)**

**[15 U.S.C. § 1114 / Lanham Act § 32(a)]**

33.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-32.

34.    As its first ground for relief, Forever 21 alleges federal trademark infringement under §32(a) of the Lanham Act, 15 U.S.C. §1114.

35.    Forever 21, as the owner of all right, title and interest in and to the FOREVER 21 Marks, has standing to maintain an action for trademark infringement under 15 U.S.C. §1114.

36.    Defendants have used and are continuing to use the FOREVER 21 Marks with full knowledge of Forever 21's trademark rights. Defendants' infringement is therefore willful and deliberate.

37.    Defendants did not and failed to obtain the consent or authorization of Plaintiff as the registered owner of the marks to deal in and commercially distribute, market and sell clothing and accessories bearing the FOREVER 21 Marks and/or trade name into the stream of commerce.

38.    Defendants intentionally and knowingly used, in commerce, spurious reproductions, copies and/ or colorable imitations of Plaintiff's registered marks in connection with the sale, offering for sale, distribution, or advertising of Defendants' unauthorized goods by offering, advertising, promoting, retailing, selling, and distributing the same to the consumer public.

39.    Defendants' egregious, unauthorized and intentional use and sale of items bearing the FOREVER 21 Marks, confusingly similar marks, and/or trade

name is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' items are authentic products originating with Plaintiff.

40.     Defendants' acts have been committed with knowledge of Plaintiff's exclusive rights and goodwill in the marks, as well as with bad faith and the intent to cause confusion or to cause mistake and to deceive.

41.     Defendants' trademark infringement alleged herein has caused, and, unless restrained and enjoined by this Court, will continue to cause substantial, immediate, and irreparable injury to Forever 21's business, reputation, and goodwill for which it is without an adequate remedy at law. Forever 21 is therefore entitled to injunctive relief as set forth below.

42.     In addition, as a direct and proximate result of Defendants' trademark infringement, Forever 21 has suffered and is continuing to suffer injury, loss, and damages in an amount according to proof and is entitled to recover from Defendants monetary, damages, costs, and attorneys' fees as set forth below.

43.     Further, as a direct and proximate result of Defendants' trademark infringement, Forever 21 is further entitled to recover from Defendants the ill-gotten gains and profits Defendants have obtained as set forth below.

44.     Defendants' continued and knowing use of Plaintiff's  marks and/or trade name without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered trademarks in violation of Section 32 of the *Lanham Act*, 15 *U.S.C.* §1114.  Based on such conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies provided by §§1116, 1117, and 1118, including Defendants' profits, treble damages, statutory damages, reasonable attorneys' fees, costs and prejudgment interest.

/ / /

/ / /

**COMPLAINT FOR DAMAGES**

**SECOND CAUSE OF ACTION**

**(False Designation of Origin / Unfair Competition / False Advertising against Defendant PRO OFF PRICE, INC., and DOES 1-10, Inclusive)**

**[15 U.S.C. § 1125(a) / Lanham Act § 43(a)]**

45.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-44.

46.     As its second ground for relief, Forever 21 alleges false designation of origin and federal unfair competition under 15 U.S.C. §1125(a) and §43(a) of the Lanham Act.

47.     Forever 21, as the owner of all common law right, title, and interest in and to the FOREVER 21 Marks, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act section 43(a) (15 U.S.C. §1125). The FOREVER 21 Marks and/or trade name are inherently distinctive and/or have acquired distinctiveness.

48.     Defendants' unauthorized promotion and sale in interstate commerce of clothing and accessories identified by the FOREVER 21 Marks, confusingly similar marks, and/or trade name constitutes a false designation of origin and/or a false representation of fact in that it falsely leads members of the purchasing public to believe that such clothing and accessories are authorized and approved for sale by Forever 21 when the opposite is true.

49.     Defendants falsely and misleadingly advertised, promoted and sold unauthorized Forever 21 clothing bearing the FOREVER 21 Marks.

50.     By such sale of unauthorized Forever 21 labeled clothing, Defendants' retail customers would actually be deceived and/or have a tendency to be deceived into believing that the clothing bearing the FOREVER 21 Marks were authentic Forever 21 garments.

51.     Defendants' deception is material, in that Defendants will likely influence customers into believing that the advertised Forever 21 labeled clothing

1  at one time was manufactured by and/or originated from Forever 21.

2  52.    By the direct diversion of sales, and the lessening of goodwill

3  associated with its Forever 21 branded garments and accessories, Plaintiff has

4  been injured as a result of Defendants' false and misleading advertisement,

5  promotion, and sale of unauthorized Forever 21branded garments.

6  53.    Defendants' conduct described above violates the Lanham Act.

7  Defendants have unfairly competed with and injured Plaintiff. Unless immediately

8  restrained, Defendants will continue to injure Plaintiff, will cause damage to

9  Plaintiff in an amount to be determined at trial, and will cause irreparable injury to

10  the goodwill and reputation associated Plaintiff and the FOREVER 21 Marks and

11  trade name.

12  54.    On information and belief, the conduct of Defendants have been

13  knowing, deliberate, willful, with an intent to cause confusion, or to cause mistake

14  or to deceive and in blatant disregard of Plaintiff's rights.

15  55.    Defendants knew or by the exercise of reasonable care should have

16  known that their use of Plaintiff's marks in commerce would cause confusion,

17  mistake, or deception among purchasers, users and the public.

18  56.    Defendants' egregious and intentional use and sale of items bearing

19  Plaintiff's trademarks unfairly competes with Plaintiff and is likely to cause

20  confusion, mistake, or to deceive, mislead, betray, and defraud consumers to

21  believe that the unauthorized products sold by Defendants are genuine Forever 21

22  items when they are not.

23  57.    Defendants' continuing and knowing use of the FOREVER 21 Marks

24  and/or trade name constitutes false designation of origin and unfair competition in

25  violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), causing

26  Plaintiff to suffer substantial and irreparable injury for which it has no adequate

27  remedy at law.

28  / / /

- 13 -
**COMPLAINT FOR DAMAGES**

58.    Moreover, where Defendants have completely removed Plaintiff's marks from any of the items sold through their stores, which previously had Plaintiff's marks affixed thereto, and thereafter, have affixed their own tags or have left such items without markings, Defendants have knowingly, intentionally impliedly and/or expressly sought to pass off these goods as their own, when they in fact do not originate with Defendants.

59.    Defendants' wrongful conduct has permitted or will permit them to make substantial sales and profits on the strength of Plaintiff's commercial efforts, marketing, advertising, sales and consumer recognition. As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of sales of its products in an amount as yet unknown, but to be determined at trial, and has been deprived and will be deprived of the value of its marks as commercial assets and of the fruits of its own commercial endeavors in an amount as yet unknown, but to be determined at trial.  Plaintiff seeks an accounting of Defendants' profits, and requests that the Court grant Plaintiff three times that amount in the Court's discretion.

60.    Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies as provided by the Lanham Act, including Defendants' profits, treble damages, statutory damages, reasonable attorneys' fees, costs and prejudgment interest.

## THIRD CAUSE OF ACTION

### (Federal Trademark Dilution against Defendant PRO OFF PRICE, INC., and DOES 1-10, Inclusive)

### [15 U.S.C. §1125(c)]

61.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-60.

62.    As its third ground for relief, Forever 21 alleges trademark dilution under 15 U.S.C. §1125(c).

**COMPLAINT FOR DAMAGES**

63.     The FOREVER 21 Marks and name are famous and distinctive and/or have acquired distinctiveness and were widely recognized by the consuming public in the United States in connection with clothing.

64.     Upon information and belief, Defendants' unlawful actions began long after Plaintiff's mark and name became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's mark and name. Defendants' conduct is willful, wanton and egregious.

65.     Defendants' intentional sale of unauthorized and/or non-genuine clothing and accessories bearing Plaintiff's marks and/or name is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine. The actions of Defendants complained of herein have diluted and will continue to dilute Plaintiff's marks, and are likely to impair the distinctiveness, strength and value of Plaintiff's marks, and injure the business reputation of Plaintiff and its marks.

66.     Defendants' acts have caused and will continue to cause Plaintiff irreparable harm. Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

67.     As the acts alleged herein constitute a willful violation of section 43(c) of the Lanham Act, 15 U.S.C. section 1125(c), Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§1116, 1117, 1118, and 1125(c), including Defendants' profits, treble damages, statutory damages, reasonable attorney's fees, costs and prejudgment interest.

/ / /

/ / /

/ / /

**COMPLAINT FOR DAMAGES**

**FOURTH CAUSE OF ACTION**

**(Unlawful, Unfair, Fraudulent Business Practices against Defendant PRO OFF PRICE, INC., and DOES 1-10, Inclusive)**

[*California Business & Professions Code § 17200 et seq.*]

68.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-67.

69.    As its fourth ground for relief, Forever 21 alleges unfair business practices under the California Business & Professions Code § 17200 *et seq.*

70.    By marketing, advertising, promoting, selling and/or otherwise dealing in unauthorized, non-genuine items of clothing and accessories bearing the FOREVER 21 Marks and/or trade name, Defendants have engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of the California Business and Professions Code §17200 *et seq*.

71.    Defendants' marketing, advertising, promoting, selling and/or otherwise unauthorized, non-genuine items of clothing and accessories bearing the FOREVER 21 Marks and/or trade name is in violation and derogation of Plaintiff's rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendants, thereby causing loss, damage and injury to Plaintiff and to the purchasing public.  Defendants' conduct was intended to cause such loss, damage and injury.

72.    Defendants knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit product would cause confusion mistake or deception among purchasers, users and the public.

73.    By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or

otherwise dealing in counterfeit versions of Plaintiff's marks and products, Defendants intended to and did induce and intend to and will induce customers to purchase its products by trading off the extensive goodwill built up by Plaintiff's in its marks.

74.     Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiff's rights.  Moreover, Defendants have and continue to unlawfully sell clothing and accessories which infringes the FOREVER 21 Marks and/or trade name, despite Defendants' knowledge that these acts are unlawful.

75.     Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiff's nationwide marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of substantial sales of its products in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its trademarks as commercial assets, in an amount as yet unknown but to be determined at trial.  Plaintiff seeks restitution in this matter, including an order granting Defendants' profits stemming from its infringing activity, and its actual and/or compensatory damages.

76.     Plaintiff has no adequate remedy at law for Defendants' continuing violation of its rights set forth above.  Plaintiff seeks injunctive relief.

77.     Plaintiff further requests a court order that an asset freeze or constructive trust be imposed over all monies in Defendants' possession which rightfully belong to Plaintiff.

/ / /

/ / /

/ / /

**COMPLAINT FOR DAMAGES**

**FIFTH CAUSE OF ACTION**

**(Unfair Competition against Defendant PRO OFF PRICE, INC., and DOES 1-10, Inclusive)**

**[California Common Law]**

78.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-77.

79.    As its fifth ground for relief, Plaintiff alleges unfair competition under California Common Law.

80.    By marketing, advertising, promoting, selling and/or otherwise dealing in unauthorized, non-genuine items of clothing and accessories bearing the FOREVER 21 Marks and/or trade name, Defendants have engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of the common law of the State of California.

81.    Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in the unauthorized, non-genuine items of clothing and accessories bearing the FOREVER 21 Marks and/or trade name is in violation and derogation of Plaintiff's rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendants, thereby causing loss, damage and injury to Plaintiff and to the purchasing public.  Defendants' conduct was intended to cause such loss, damage and injury.

82.    Defendants knew or by the exercise of reasonable care should have known that its marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the unauthorized product bearing spurious or manipulated marks would cause confusion, mistake or deception among purchasers, users and the public.

83.    Upon information and belief, the conduct of Defendants was knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to

**COMPLAINT FOR DAMAGES**

1    deceive, and in disregard of Plaintiff's rights.

2        84.    Defendants' wrongful conduct, as alleged above, has permitted and

3    will permit them to make substantial sales and profits on the strength of Plaintiff's

4    nationwide marketing, advertising, sales and consumer recognition. As a direct

5    and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff

6    has been and will be deprived of substantial sales of its products in an amount as

7    yet unknown but to be determined at trial, and has been and will be deprived of

8    the value of its trademarks as commercial assets, in an amount as yet unknown but

9    to be determined at trial.  Plaintiff seeks an order granting Defendants' profits

10   stemming from its infringing activity, and its actual and/or compensatory damages.

11       85.    Plaintiff has no adequate remedy at law for Defendants' continuing

12   violation of its rights set forth above.  Plaintiff seeks preliminary and permanent

13   injunctive relief.

14       86.    Plaintiff seeks exemplary or punitive damages for Defendants'

15   intentional misconduct.

16                        **SIXTH CAUSE OF ACTION**

17       **(Inducement to Breach of Contract Against Defendant PRO OFF**

18                 **PRICE, INC., and DOES 1-10, Inclusive)**

19                       **[California Common Law]**

20       87.    Plaintiff repeats and re-alleges every allegation set forth in

21   Paragraphs 1- 86.

22       88.    Plaintiff contracts between itself and its vendors for the production of

23   garments which bare Plaintiff's trademarks which are to be subsequently sold

24   through Plaintiff's retail outlets. Pursuant to these contracts, Plaintiff's vendors

25   are to produce garments of a specific quality, style and quantity. Plaintiff's

26   vendors are not to produce garments in excess or additional to the styles and

27   amounts specified in their agreements with Plaintiff. In the event that Plaintiff

28   cancels an order between itself and its vendors, the vendors have waived any right

**COMPLAINT FOR DAMAGES**

1    to sell any garments produced pursuant to the cancelled order, via agreement with
2    Plaintiff, unless the vendor wholly removes any reference to Plaintiff and the
3    FOREVER 21 Marks from the garments and obtains Plaintiff's prior written
4    authorization for resale.

5        89.    Defendants are aware of Forever 21's agreements with its vendors
6    and know that these vendors have no right to sell any garments to Defendants
7    bearing the FOREVER 21 Marks.  Defendants are also aware that prior to any sale
8    by the vendors to Defendants of any garments produced by Plaintiff's vendors
9    pursuant to a manufacturing agreement between Plaintiff and its vendors, the
10   vendors are always required to obtain Plaintiff's prior written approval and are
11   always required to remove all of the FOREVER 21 Marks from all labels, hanger
12   straps, and tags or any other reference to Plaintiff from the garments. Defendants
13   are also aware that Plaintiff's vendors have no authorization to produce garments
14   bearing Plaintiff's marks in excess of the amounts specified in the manufacturing
15   agreements and/or additional to the styles specified in the manufacturing
16   agreements.

17       90.    Defendants, through their improper dealings with Plaintiff's vendors,
18   intentionally induce Plaintiff's vendors to breach their agreements with Plaintiff
19   by incentivizing or otherwise causing Plaintiff's vendors to sell garments to
20   Defendants which Plaintiff either rejected and/or cancelled in breach of Plaintiff's
21   prohibition and the vendors waiver of any right to sell any garments produced
22   pursuant to a manufacturing agreement between Plaintiff and its vendors without
23   Plaintiff's prior written authorization and without the vendors complete removal
24   of Plaintiff's labels, hanger straps, tags and/or other source identifying indicia.

25       91.    Also, Defendants, through their improper dealings with Plaintiff's
26   vendors, intentionally induce Plaintiff's vendors to breach their agreements with
27   Plaintiff by incentivizing or otherwise causing Plaintiff's vendors to produce
28   garments bearing the FOREVER 21 Marks in excess the styles and/or amounts

specified in the vendors agreements and causing Plaintiff's vendors to sell these garments to Defendants in breach of Plaintiff's prohibition and the vendors waiver of any right to sell any garments produced pursuant to a manufacturing agreement between Plaintiff and its vendors without Plaintiff's prior written authorization and without the vendors complete removal of Plaintiff's labels, hanger straps, tags and/or other source identifying indicia.

92.     Defendants' conduct is intentional and does successfully cause Plaintiff's vendors to breach their agreements with Plaintiff.

93.     As a result of Defendants' conduct, Plaintiff is consequently harmed, and Defendant's conduct is a substantial factor in causing Plaintiff's harm. To wit, Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiff's nationwide marketing, advertising, sales and consumer recognition. Defendants' conduct also deprives Plaintiff of legitimate sales of its Forever 21®-branded products in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its commercial assets, in an amount as yet unknown but to be determined at trial. Plaintiff seeks an order granting Defendants' profits stemming from its unlawful activity, and its actual, consequential and/or compensatory damages.

94.     Plaintiff has no adequate remedy at law for Defendants' continuing violation of its rights set forth above.  Plaintiff seeks preliminary and permanent injunctive relief.

95.     Plaintiff seeks exemplary or punitive damages for Defendants' intentional misconduct.

/ / /

/ / /

/ / /

**COMPLAINT FOR DAMAGES**

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Forever 21, Inc. prays for judgment against Defendant Pro Off Price, Inc., and Does 1-10, inclusive, and each of them, as follows:

A. For an award of Defendants' profits and Plaintiff's damages in an amount not less than $1,000,000.00 for trademark infringement under 15 U.S.C. §1114(a);

B. For an award of Defendants' profits and Plaintiff's damages in an amount not less than $1,000,000.00 for false designation of origin, false advertising, and unfair competition under 15 U.S.C. §1125(a);

C. For an award of Defendants' profits and Plaintiff's damages in an amount not less than $1,000,000.00 for trademark dilution under 15 U.S.C. §1125(c);

D. In the alternative to actual damages and Defendants' profits for the infringement of Plaintiff's trademark pursuant to the Lanham Act, for statutory damages pursuant to 15 U.S.C. §1117(c), which election Plaintiff will make prior to the rendering of final judgment;

E. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business & Professions Code* §17200;

F. For damages to be proven at trial for common law unfair competition;

G. For actual and consequential damages and Defendants' profits to be proven at trial for Defendants' intentional acts which have induced and/or caused Plaintiff's vendors to breach their contracts with Plaintiff.

H. Preliminarily and permanently enjoining Defendants and their agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concern or participation with it, and each of them, from:

**COMPLAINT FOR DAMAGES**

a. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing, advertising or promotion of unauthorized and/or counterfeit Forever 21 products identified in the Complaint and any other unauthorized Forever 21 product (including any non-genuine reproduction, counterfeit, copy or colorable imitation thereof).

b. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the infringing and diluting product identified in the Complaint and any other product which infringes or dilutes any FOREVER 21 Marks, trade name and/or trade dress including, but not limited to, any FOREVER 21 Marks at issue in this action.

c. The unauthorized use, in any manner whatsoever, of any Forever 21 trademark, trade name and/or trade dress including, but not limited to, the FOREVER 21 Marks at issue in this action, any variants, colorable imitations, translations, and/or simulations thereof and/or any items that are confusingly similar thereto, including specifically:

    i. On or in conjunction with any product or service; and

    ii. On or in conjunction with any advertising, promotional materials, labels, hangtags, packaging, or containers.

d. The use of any trademark, trade name, or trade dress that falsely represents, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that unauthorized

**COMPLAINT FOR DAMAGES**

product imported, exported, manufactured, reproduced, distributed, assembles, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and/or promoted by Defendants originates from Forever 21, or that said merchandise has been sponsored, approved, licensed by, or associated with Forever 21 or is, in some way, connected or affiliated with Forever 21.

e. Engaging in any conduct that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that Defendants themselves are connected with, or are in some way sponsored by or affiliated with Forever 21, purchases product from or otherwise have a business relationship with Forever 21.

f. Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods, a false description or representation, including words or symbols, tending to falsely describe or represent such goods as being those of Forever 21.

g. Hiding, disposing of, destroying, moving, relocating or transferring any and all products, advertising, promotional materials, labels, hangtags, packaging or containers bearing any of the FOREVER 21 Marks; and/or

h. Disposing of, destroying, moving, relocating or transferring any documents or things, including electronic records, pertaining to the purchase, procurement, development, making, manufacture, use, display, advertisement, marketing, licensing, sale, offer for sale, distribution, shipping, or delivery of any products or services bearing any FOREVER 21 Marks or which otherwise refer or

**COMPLAINT FOR DAMAGES**

relate to Forever 21 or any FOREVER 21 Marks.

I.  Pursuant to 15 U.S.C. § 1116(a), directing Defendants to file with the Court and serve on Forever 21 within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

J.  For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires;

K.  For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

L.  Pursuant to 15 U.S.C. §1118, requiring that Defendants and all others acting under Defendants' authority, at their cost, be required to deliver to Forever 21 for destruction all clothing and accessories, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of the FOREVER 21 Marks alone, or in combination with any other word, words, or design;

M. For treble damages suffered by Plaintiff as a result of the willful and intentional infringements engaged in by Defendants, under 15 U.S.C. §1117(b);

N.  For damages in an amount to be proven at trial for unjust enrichment;

O.  For an award of exemplary or punitive damages in an amount to be determined by the Court;

- 25 -
**COMPLAINT FOR DAMAGES**

1    P.  For Plaintiff's reasonable attorney's fees;

2    Q.  For all costs of suit;

3    R.  For such other and further relief as the Court may deem just and

4         equitable.

5

6    DATED:  September 9, 2014           JOHNSON & PHAM, LLP

7

8                                        By: __/s/ Marcus F. Chaney_____
                                         Christopher D. Johnson, Esq.
9                                        Christopher Q. Pham, Esq.
                                         Marcus F. Chaney, Esq.
10                                       Jason R. Vener, Esq.
11                                       Attorneys for Plaintiff

12

13

14                       **<u>DEMAND FOR JURY TRIAL</u>**

15         Plaintiff Forever 21, Inc. respectfully demands a trial by jury in this action

16   pursuant to Local Rule 38-1.

17

18   DATED:  September 9, 2014           JOHNSON & PHAM, LLP

19

20                                       By: __/s/ Marcus F. Chaney_____
                                         Christopher D. Johnson, Esq.
21                                       Christopher Q. Pham, Esq.
                                         Marcus F. Chaney, Esq.
22                                       Jason R. Vener, Esq.
23                                       Attorneys for Plaintiff

24

25

26

27

28

**COMPLAINT FOR DAMAGES**