E-FILED 02/23/15

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| FOREVER 21, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>PRO OFF PRICE, INC., a California Corporation; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: 2:14-cv-07020 PSG (Ex)<br><br>[~~PROPOSED~~] **PERMANENT INJUNCTION AGAINST DEFENDANT PRO OFF PRICE, INC., A CALIFORNIA CORPORATION, AND DISMISSAL**<br><br>Honorable Judge Philip S. Gutierrez |

The Court, pursuant to the Stipulation for Entry of Permanent Injunction between Plaintiff Forever 21, Inc. ("Forever 21"), on the one hand, and Defendant Pro Off Price, Inc. ("Defendant"), on the other hand, hereby ORDERS, ADJUDICATES and DECREES that a permanent injunction shall be and hereby is entered against Defendant as follows:

1. **PERMANENT INJUNCTION.** Pursuant to 15 United States Code §1116, Defendant is hereby restrained and enjoined from engaging in, directly or indirectly, any of the following activities in the United States and throughout the world:

1          a.     copying, manufacturing, importing, exporting, marketing, displaying, purchasing, selling, offering for sale, reproducing, acquiring, transferring, brokering, consigning, storing, shipping, licensing, developing, delivering, distributing and/or dealing in any product or service that uses, or otherwise makes any use of, references or relates to Forever 21 or any of Forever 21's Trademarks, and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, references or relates to Forever 21 or any of Forever 21's Trademarks;

         b.     importing, exporting, making, manufacturing, reproducing, assembling, using, acquiring, purchasing, offering, selling, transferring, brokering, consigning, distributing, storing, licensing, developing, displaying, delivering, marketing, advertising or promoting any product which bears, partially bears, or, of which Defendant is on reasonable notice that the product at any time bore any of Forever 21's Trademarks, even if those marks have been blacked out, cut out, punched out, removed, or otherwise altered, manipulated or obliterated;

         c.     using any trademark or trade name that falsely represents, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that unauthorized products, imported, exported, manufactured, reproduced, distributed, assembled, acquired, exported, offered, sold, transferred, brokered, consigned, distributed, shipped, marketed, advertised and/or promoted by Defendant originate from Forever 21, or that said merchandise has been sponsored, approved, licensed by, or associated with Forever 21 or is, in some way, connected or affiliated with Forever 21;

         d.     engaging in any conduct that falsely represents, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that Defendant itself is connected with, or is in some way sponsored by or affiliated with Forever 21, purchases products from or otherwise has a business relationship with Forever 21;

    e. performing or allowing others employed by or representing Boulevard, or under its control, to perform any act or thing which is likely to injure Forever 21 or Forever 21's rights in and to Forever 21's Trademarks and/or Forever 21's business reputation or goodwill arising therefrom; and

    f. engaging in any acts of federal and/or state trademark infringement, false designation, false advertising, unfair competition, dilution, or other act(s) which would tend to damage or injure Forever 21's rights in and to Forever 21's Trademarks.

  2. This Permanent Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

  3. The Court finds there is no just reason for delay in entering this Permanent Injunction, and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Permanent Injunction against Defendant.

  4. **FORFEITURE OF EXISTING INVENTORY**.  Defendant is ordered to deliver immediately to Forever 21 all unauthorized products, including any unauthorized, non-genuine and/or counterfeit garments, apparel, or accessories that use, or otherwise make any use of, references or relates to Forever 21 or any of Forever 21's Trademarks, and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, references or relates to Forever 21 or any of Forever 21's Trademarks and related products, labels, tags, hanger straps, packages and advertisements relating thereto in its possession or under its control to the extent that any of these items are in Defendant's possession.

  5. **NO APPEALS AND CONTINUING JURISDICTION.**  No appeals shall be taken from this Permanent Injunction, and Plaintiff and Defendant waive all rights to appeal.  This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Permanent Injunction by Defendant.

1        6. **NO FEES AND COSTS.**  Each party shall bear their own attorneys' fees and costs incurred in this matter.

      7. **DISMISSAL OF THE ACTION.**  The Court hereby dismisses the action in its entirety upon entry of this Permanent Injunction against Defendant.

      IT IS SO ORDERED, ADJUDICATED and DECREED this __23rd__ day of __February__, 2015.

                                    PHILIP S. GUTIERREZ
                                    _____
                                    HON. PHILIP S. GUTIERREZ
                                    United States District Judge
                                    Central District of California

**[PROPOSED] PERMANENT INJUNCTION AND DISMISSAL**

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Johnson & Pham, LLP, 6355 Topanga Canyon Blvd., Suite 326, Woodland Hills, California 91367. On February 20, 2015, I served the within document(s):

**[PROPOSED] PERMANENT INJUNCTION AGAINST DEFENDANT PRO OFF PRICE, INC., A CALIFORNIA CORPORATION, AND DISMISSAL**

☐ FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☒ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Woodland Hills, California addressed as set forth below.

☐ PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via UNITED PARCEL SERVICE.

**PRO OFF PRICE. INC.**
**c/o Yaniv Shikuri**
**1527 S. Los Angeles Street. Unit A**
**Los Angeles. CA 90015**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on February 20, 2015, at Woodland Hills, California.

*/s/ Evelyn Ruano*

Evelyn Ruano